**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

         Plaintiff,

    vs.                     **Case No. 04-40159-01-RDR**

EMIGDIO HERNANDEZ-BUSTOS,

         Defendant.

_____

<u>**MEMORANDUM AND ORDER**</u>

On November 30, 2005 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court.

The defendant entered a guilty plea to possession of approximately 10 pounds of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). His conviction arose from a traffic stop on Interstate 70 in Russell County, Kansas on November 29, 2004. Eight packages of methamphetamine were found in a false compartment in a minivan driven by the defendant. The defendant later told law enforcement officials that he had met a man in North Carolina, identified as a Hispanic male from Honduras known as Manuel Trevillo-Benitez, who offered him the possibility of selling drugs. The defendant was later told by Trevillo-Benitez that the drugs were available in Arizona. He was told where to go and how to sell in North Carolina. He was

also told by Trevillo-Benitez that he would contact him after the sale of the drugs to "arrange something with the money made."  The defendant used a minivan that he had purchased to make the trip to Arizona.  He was aware that the van had a false compartment when he purchased it.  The defendant had his cousin, Abelardo Hernandez-Hernandez, ride along with him on the trip. Hernandez-Hernandez was aware that they were traveling to Arizona to pick up drugs, but he was not aware of the type of drugs, where they were going to be sold, or who had provided them.  He has entered a guilty plea and was sentenced to a term of imprisonment of 48 months.

Following the defendant's guilty plea, a presentence report was prepared for the court.  The defendant raised one objection to the report.  He contended he was entitled to a reduction of his offense level based upon his role in the offense.  He asserts he is entitled to a four-level reduction under U.S.S.G. § 3B1.2 as a minimal participant.  The defendant also argued that he was entitled to a downward variance.

ROLE IN THE OFFENSE

Pursuant to U.S.S.G. § 3B1.2, a court can reduce a defendant's offense level for being a minor or minimal participant in a criminal scheme. According to the Commentary, "this guideline is not applicable unless more than one

2

participant was involved in the offense," U.S.S.G. § 3B1.2, comment. (n. 2), and it provides a reduction only for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n. 3(A)). Accordingly, the inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." United States v. Calderon-Porras, 911 F.2d 421, 423-24 (10th Cir. 1990). The defendant has the burden of proving his minor or minimal participation. United States v. Harfst, 168 F.3d 398, 401-02 (10th Cir. 1999).

The court is not persuaded that defendant is entitled to a reduction for his role in the offense. The defendant has not proven that he was a minor or minimal participant. A review of the record shows that the defendant was actively involved in the transportation of the controlled substances. He was offered drugs to sell and he traveled across the country to obtain them and then was returning to North Carolina to sell them. In an effort to carry out this endeavor, he purchased a van and stored the drugs in a false compartment. He also recruited his cousin to make the trip with him. These activities show far more involvement than merely driving the drugs to a location.

3

Accordingly, the court shall not reduce the defendant's offense level for role in the offense.

DOWNWARD VARIANCE

The defendant seeks a downward variance in his sentence. He asks the court to sentence him to 48 months for the following reasons: (1) his cooperation with law enforcement officers after his arrest; (2) his youth; (3) his lack of a prior criminal history; (4) the motivation for his involvement was solely to help his family in Mexico; (5) the lack of the use or possession of any firearm during the illegal activity; (6) he will be deported after the completion of his sentence; and (7) the sentence imposed on his co-defendant. The government has not responded to this request. The probation office believes that a sentence within the properly calculated guideline range is appropriate.

The court has carefully considered the arguments of the parties. In determining the sentence to be imposed today, the court has consulted the application of the guidelines and taken them into account. The court has decided that the appropriate sentence for this case is 100 months. The court believes this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes this is a fair and reasonable

4

sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.   Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2005 at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge